JOHN N. HICKS *et al.*, plaintiffs in error, *vs.* IGNATIUS G. FOSTER and DAVID PHILPOTT, defendants in error.

1. Upon the petition of sundry citizens, and the report of Reviewers duly appointed, the Inferior Court established a public road—two other citizens complained, that they were damaged by reason of the road running through their lands—a general order was passed, directing the Sheriff to summon a jury of freeholders, to assess the damages in terms of the law—the jury was summoned and impannelled, but failing to agree, were discharged—the Sheriff, without other or further order, summoned a second jury, who, being impannelled, assessed the damages : *Held*, That the proceeding was legal and proper.

*Certiorari,* in Heard Superior Court.    Decided by Judge D. F. HAMMOND, at the September Term, 1860.

Mr. Justice LYON embodies the facts of this case in the opinion of the Court delivered by him.

MABRY, for plaintiff in error.

No appearance *contra.*

*By the Court.*—LYON, J., delivering the opinion.

James Rames, Charles B. Duke, and others, petitioned the Inferior Court of Heard, sitting for county purposes, to have opened a public road leading from the Franklin and Liberty Hill road from or near to where William H. Owen formerly lived, to Burwell Buttrell's Mills, and thence on to John Bard's.    This petition was granted by the Inferior Court, on the 6th day of March, 1860, and Reviewers appointed to review, and make out and report upon the practicability and utility of said road, who, having perform-

ed the duties required of them, reported in favor of said road. The Inferior Court, on the 5th of June, 1860, and upon the hearing of the report, ordered that said road be established, and made a public road. Subsequently, and on the same day, David Philpott complained that said road, so established, went through a portion of his unenclosed land, and prayed that a jury of freeholders should be summoned to view and assess the damages accruing to said land. Ignatius G. Foster, also, complained that he was damaged by the running of said road over his enclosed land, and he prayed the ordering of a jury to view and assess the damages that might be done to him by said road, both of which petitions were granted and a general order passed in each case, of which the following is a copy :

"Let the order issue to Sheriff to summon jury of freeholders to assess damages, in terms of the statute, in such cases made and provided." Signed by the Court.

A *fiat* was issued by the Clerk of the Court to the sheriff in pursuance of this order, and the sheriff, in obedience thereto, summoned a jury of freeholders, who assembled on the 30th of June, 1860, to assess the damages. This jury, consisting of Walker Dunson and others, failed to agree on the damages, and were discharged. The sheriff, before making return of action of this jury, summoned another jury, consisting of Thomas Vaughan and others, who assembled on the 7th of July, 1860, and upon due consideration, assessed the damages done to the unenclosed land of David Philpott, by the running of the road over the same, at $15 00, and to the enclosed land of Ignatius G. Foster, at the sum of $150 00, and the action of such jury, as was also the failure of the first jury to agree, were duly and properly reported to the Court.

The Inferior Court, at the July Term of said Court, upon consideration of said report, set aside the verdict of the jury, on the grounds that they had heen summoned by the sheriff without authority, and ordered that the sheriff proceed to summon another jury of freeholders to assess damages, etc. The petitioners excepted to the ruling of the Inferior Court

in refusing to receive the return of the sheriff and jury, and setting aside said verdict, and applied to the Superior Court of said county for a writ of *certiorari* to review and reverse said judgment, and upon the hearing of said application, at the September Term, 1860, the Judge of said Court presiding, affirmed the judgment of the Inferior Court, and dismissed the *certiorari*. To this decision petitioners for the road excepted, and bring the same for review before this Court by bill of exceptions.

The only question in the case is, whether the summoning of the second jury to assess the damages, the first having failed to agree, without a second order from the Court, was irregular and illegal; for that is the only complaint made to their verdict. We think that it was not. The order was a general one to summon a jury to assess the damages; the thing to be done was the assessment of the damages by a jury of freeholders. The first jury failed to accomplish the purpose for which they assembled. The order was still open and unsatisfied; still operated upon the sheriff as a command, and the passage, by the Court, of a new order to him to do the same thing would have been an unnecessary and useless form, without any substance whatever. The writ of *certiorari* should have been allowed, and the Inferior Court of Heard county directed to review their judgment, and receive and execute the verdict of the jury as reported to them by the sheriff, in the absence of any other valid objection to the same under the statute authorizing and requiring that proceeding.

Let the judgment be reversed.